UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CLARENCE EDWARDS,

                Plaintiff,

        v.

THE UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

                Defendants.
_____

<u>DECISION & ORDER</u>

04-CV-6051L

        By Order dated August 26, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 11). Plaintiff William Clarence Edwards has filed suit against the United States Department of Agriculture and nine individual defendants asserting claims relating to a determination by the Farm Service Agency denying Edwards's application for a loan deficiency payment. (Docket # 7 at 5(A)). Currently before this Court are Edwards's motions to compel the disclosure of various documents (Docket # 23) and to compel the depositions of numerous identified individuals (Docket # 24).

**I. <u>Motion to Compel Documents</u>**

        In his first motion, Edwards moves to compel defendants to respond to certain discovery requests. At issue are five document discovery requests propounded by Edwards that he contends have not been adequately answered. (Docket # 23).

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party").

Although the scope of discovery under the Federal Rules is broad, it is not without limitation. Indeed, Rule 26 also provides that:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).  "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  Even when the material in question is discoverable under the rules, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms."  *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

        In this matter, Edwards has apparently served a substantial number of discovery demands upon defendants, the precise number and nature of which is unclear because neither the requests nor the responses have been filed with the Court.  Defendants have represented that they have responded to eighty-two separate requests for documents and information, including the disclosure of over twenty-three hundred pages of documents.  Edwards has also inspected documents on two separate occasions at the Bath Office of the Farm Services Agency ("FSA") and, following each visit, has designated additional documents to be copied and produced to him.  (Docket # 28 at 2).  Edwards acknowledges his receipt of the discovery provided thus far, but maintains that defendants "still [have] not answered [all of his requests] to [his] satisfaction."  (Docket # 23 at 1).

        Edwards's motion appears to focus on five individual discovery requests, identified as those numbered three through seven.  (Docket # 23).  Specifically, Edwards's third request seeks the files of Field Technician Gary Howell and information relating to "spot checks" of Edwards's farm.  Defendants responded by stating that Howell does not possess files responsive to the request, but that the FSA maintains documents reflecting the information sought, which they would make available to Edwards for inspection and copying.  (Letter from

Christopher Taffe, Assistant United States Attorney, dated March 3, 2005, ("Taffe Letter") Ex. A). Similarly, Edwards's fourth request seeks information relating to the 2000 crop year file for Wendell Moss. In response, defendants provided copies of some of the requested documents and indicated that the remaining documents would be made available for inspection and copying by Edwards. (Taffe Letter, Ex. A). Edwards fifth request seeks the minutes from the Steuben County FSA Committee for the period of January 1996 through December 2003. Defendants provided Edwards with redacted copies of those minutes that were in their possession (copies of certain minutes apparently could not be located), but also advised that a complete copy of the minutes had previously been provided to Edwards in October 2004, in response to his Freedom of Information Act request. (Taffe Letter, Ex. A) The sixth request seeks identification of the handwriting contained on various documents. Defendants identified the majority of the handwriting as belonging to Program Technician Brenda Rockwell, but indicated that they were unable to identify the remaining portions. (Taffe Letter, Ex. A). Finally, Edwards seventh request contained a list of questions relating to FOIA requests. Defendants responded by answering each question. (Taffe Letter, Ex. A).

Although Edwards may be dissatisfied with defendants' discovery responses, I cannot conclude that he is entitled to further responses. In some cases, defendants have represented that they do not possess some or all of the requested documents. In the absence of evidence suggesting that such representations are untrue, the court is without power to compel something more. *See American Banana Co., Inc. v. Republic National Bank of New York*, 2000 WL 521341, *3 (S.D.N.Y. 2000) ("court cannot compel production of what does not exist").

In other responses, defendants have indicated that they would make responsive documents available for inspection and copying, and the record before the Court does not indicate that they were not made available. To the extent that Edwards knows or has reason to believe that such documents were not in fact included among those made available to him on his two visits to the FSA to inspect documents, he may file another motion to compel specifying his knowledge or basis of belief. As to the redacted minutes, Edwards has not demonstrated that the redactions were excessive or inappropriate. Should he make such a showing, the Court will consider reviewing the redacted information *in camera* and ordering disclosure. Finally, defendants' responses to Requests Six and Seven appear adequate on the record before this Court. Accordingly, Edwards's motion to compel the production of documents is denied.[1]

## II. Motion to Compel Depositions

Edwards has also moved to compel the depositions of ten identified individuals, seven of whom are named defendants.[2] (Docket # 24). In his motion, Edwards explains that he seeks to depose these individuals concerning (1) an August 14, 2001 meeting of the Steuben County Committee that resulted in the cancellation of his production flexibility contract and (2) a September 18, 2001 FSA meeting to review that decision. (Docket # 24).

---

[1] To the extent Edwards summarily requests leave to serve additional interrogatories, such request is denied. If, consistent with the Federal Rules of Civil Procedure 26 and 33, Edwards can demonstrate good cause to serve an additional specific interrogatory, he may submit a particularized request to the Court.

[2] In his original motion, Edwards also moved to compel the depositions of three additional individuals, Joseph Hauryski, Mike Slaunwhite and Gary Olcott. (Docket # 24). Defendants objected in part because Edwards sought to exceed the ten-deposition limit imposed by Federal Rule of Civil Procedure 30(a)(2)(A). In his reply papers, Edwards has withdrawn his request to depose those three individuals. (Docket # 31 at 3).

The defendants oppose Edwards's motion, arguing that the request for depositions was not made within the time period set by this Court for the completion of fact discovery and that the depositions would be cumulative and duplicative. In the alternative, they argue that Edwards should be limited to three depositions. (Docket # 27).

By amended scheduling order, this Court extended the fact discovery deadline until June 10, 2005. (Docket # 19). The instant motion was filed by Edwards on June 3, 2005, and was thus within the Court-ordered deadline.[3] The record before this Court is unclear whether Edwards noticed the requested depositions as he should have under Fed. R. Civ. P. 30(b), or simply moved to compel them. Either way, his attempt to arrange the depositions was within the period set by this Court to complete fact discovery, and his motion should not be denied as untimely.

I agree in part, however, with defendant's objection that the depositions will apparently result in cumulative and duplicative testimony. Edwards represents that he wishes to depose the ten identified individuals concerning the two meetings described above; he has not demonstrated, or even suggested, why it is necessary or important to depose so many individuals about what occurred at those two meetings. The interest in avoiding cumulative discovery, *see* Fed. R. Civ. P. 26(b)(2), must be balanced against Edwards's right to depose the defendants he has sued who, at this time, have not moved to dismiss the claims against them. I find the appropriate balance is to permit Edwards to depose the seven defendants whose depositions he

---

[3] Defendants' opposition to the motion as untimely is understandable in view of the fact that the final amended scheduling order, which purported to further extend the fact discovery period, in fact erroneously contracted it to May 16, 2005. (Docket # 20). Following the issuance of the amended scheduling order that extended discovery until June 10th, Edwards wrote the Court and requested a further thirty-day extension. The discovery period should have been extended to July 10, 2005, rather than shortened to May 16, 2005.

seeks and to disallow him to depose the remaining three witnesses. After the seven depositions are completed, if Edwards has reason to believe the additional three are justified, he may seek leave of this Court to depose them. Such application must be accompanied by an explanation of what relevant information he believes may be obtained through such depositions and why such information would not be unreasonably cumulative and duplicative.

Edwards is reminded that he must make arrangements to record the deposition testimony and to have an officer present who is authorized to administer oaths (*e.g.*, court reporter) and must bear the associated expenses. *See* Fed. R. Civ. P. 30(b)(2)-(4).

Accordingly, Edwards's motion to compel (Docket # 24) is granted in part (the depositions of defendants Philip Morehouse, Brenda Rockwell, Cathy Cummings, Gary Howell, Fred Drum, Wilma Waters and Gene Drum may be taken) and denied in part (the depositions of David Dupont, Paul Mitchell and Ellie Salisbury may not).

## CONCLUSION

For the foregoing reasons, it is the decision and order of this Court that Edwards's motion to compel the production of documents **(Docket # 23)** is **DENIED**. It is the further order of this Court that Edwards's motion to compel depositions **(Docket # 24)** is **GRANTED in PART** and **DENIED in PART**.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       March   29  , 2006.