UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM CLARENCE EDWARDS,

                Plaintiff,

       v.

THE UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

                Defendants.

---

DECISION & ORDER

04-CV-6051L

        By Order dated August 26, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 11).  Plaintiff William Clarence Edwards has filed suit against the United States Department of Agriculture and nine individual defendants asserting claims relating to a determination by the Farm Service Agency denying Edwards's application for a loan deficiency payment.  (Docket # 7 at 5(A)).

        On May 26, 2005, Edwards filed a motion to compel defendants' responses to various document discovery requests and seeking permission to conduct depositions of ten identified individuals.  (Docket # 23).  By Decision and Order dated March 29, 2006, this Court denied Edwards's motion with regard to the document requests, finding that the documents at issue had either already been produced to or made available for inspection by Edwards, or were not in the possession, custody or control of defendants.  (Docket # 33).  The Court further granted Edwards's motion to compel the depositions of seven of the ten individuals because such individuals were named as defendants in this action.  Finally, the Court denied Edwards's motion

with respect to the remaining three individuals on the grounds that the additional depositions would be cumulative and duplicative. Notwithstanding the above rulings, this Court specifically granted Edwards leave to file a new motion if he could demonstrate that additional responsive documents existed or if he could demonstrate sufficient need to depose the remaining three individuals. (Docket # 33).

Less than three weeks after the decision was issued by the Court, Edwards filed a "Second Motion to Compel Discovery." (Docket # 34). This second motion seeks substantially the same relief that was denied Edwards in the previous motion, and is thus more properly considered a motion for reconsideration.

The standard for granting a motion for reconsideration is strict and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). The purpose of reconsideration, however, is not to relitigate issues already decided. *Id.*; *see Montanile v. National Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . .") (citing *Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

In the case at bar, Edwards has failed to identify any prevailing legal authority not already considered by the Court, nor has he alleged any material change in facts or circumstances since the filing of his previous motion to compel. As noted above, Edwards's previous motion to compel responses to his document demands was denied upon defendants' representation that all

existing responsive documents had already been produced or were not in defendants' possession, custody or control. To the extent that Edwards now disputes those assertions, he has not offered any evidence to suggest that additional documents exist. *See American Banana Co., Inc. v. Republic National Bank of New York, N.A.*, 2000 WL 521341, *3 (S.D.N.Y. 2000) ("court cannot compel production of what does not exist"). Moreover, to the extent that he disputes the accuracy of the committee meeting minutes that have been produced to him, such contention, even if true, does not prove that defendants are withholding responsive documents.

It is unclear from the pending motion, however, whether Edwards has previously requested copies of Gary Howell's County Travel Forms for the year 2000 (beginning on September 12, 2000), as he now does. If those documents are within the possession, custody or control of defendants, they shall be made available for inspection and copying by Edwards. The record is similarly unclear as to whether records reflecting "spot checks" of Frederick Drumm's property from 1996 to 2003 have been made available to Edwards. If they have not, they shall be. These additional documents shall be made available within twenty (20) days of this Order.

Finally, Edwards has not set forth any basis upon which to conclude that additional depositions are necessary at this time. To the extent that he seeks an order from this Court restricting the manner in which counsel for defendants may prepare his clients for their

depositions, that request is denied. Accordingly, for the reasons set forth in this Court's March 29, 2006 Decision and Order, Edwards's motion to compel **(Docket # 34)** is **DENIED**.

**IT IS SO ORDERED.**

                                                 *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       March   1  , 2007