UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM CLARENCE EDWARDS,

                Plaintiff,

       v.

THE UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

                Defendants.
_____

DECISION & ORDER

04-CV-6051L

        By Order dated August 26, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 11).  Plaintiff William Clarence Edwards has filed suit against the United States Department of Agriculture and nine individual defendants asserting claims relating to a determination by the Farm Service Agency to deny his application for a loan deficiency payment.  (Docket # 7 at 5(A)).

        On May 26, 2005, plaintiff filed a motion to compel, among other things, defendants' responses to various document discovery requests.  (Docket # 23).  By Decision and Order dated March 29, 2006, this Court denied plaintiff's motion, finding that the documents at issue had either already been produced or made available for inspection, or were not in the possession, custody or control of defendants.  (Docket # 33).  Notwithstanding that ruling, plaintiff was permitted leave to file a new motion if he could show evidence of the existence of additional responsive documents.  (Docket # 33).  Less than three weeks later, plaintiff filed a "Second Motion to Compel Discovery."  (Docket # 34).  Reading the second motion to seek

substantially the same relief that was previously denied, this Court considered the second motion to be one for reconsideration, which was denied based upon a finding that plaintiff had not demonstrated any material change in facts or circumstances. (Docket # 41). *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding that motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (citation omitted).

Currently before the Court are two separate motions by plaintiff to compel the production of documents. (Docket ## 44, 46). The first (Docket # 44) seeks records of Fredrick Drumm, alleging that they were not produced within twenty days of this Court's March 1, 2007 Order, which required the production of records reflecting "spot checks" of Drumm's property from 1996 to 2003. (Docket # 41). The record is unclear whether such records were ever produced. If they were, counsel for the defendants shall advise this Court in writing within one (1) week of this Order of the date and means of such production to plaintiff. If they were not, defendants are directed to produce such documents to plaintiff within one (1) week of this Order. Failure to do so shall subject them to sanctions. Accordingly, plaintiff's motion to compel production of these documents (Docket # 44) is granted in part.

Plaintiff's second motion (Docket # 46) seeks production of similar records for property owned by Wilma Waters and Gene Drum.[1] Unlike records from Drumm, however, this

---

[1] Within that motion, plaintiff also requests that the Court order defendants to produce Gary Howell's County Travel Forms for the year 2000. This Court has already ordered defendants to do so. (*See* Docket # 41 at 3). If plaintiff contends that such records have not been made available to him, he shall file an affidavit with this Court affirming that fact. Such an affidavit must be filed within one (1) week of this Order. If plaintiff files such an affidavit, defendants must file within one (1) week thereafter a responsive submission identifying the date and means of production.

Court has not ordered the production of records relating to property owned by Waters and Gene Drum. Plaintiff has offered no explanation as to why such records are relevant to his claims. Having no basis to conclude that they are, plaintiff's motion to compel their production is denied.

Also before the Court is plaintiff's motion to amend the scheduling order to "indefinitely" extend discovery. (Docket # 45). While plaintiff's concern was well-founded that the pending motions might not be resolved within the original deadline for completion of discovery, an extension of discovery for an "indefinite" period of time is unnecessary. Now that plaintiff's motions to compel discovery have been resolved, no purpose would be served by a discovery extension. Ample discovery has been sought and produced in this case, and the case is ready to proceed to determination of the pending dispositive motions. Accordingly, plaintiff's motion to amend the scheduling order is denied.

## CONCLUSION

For the foregoing reasons, it is the Decision and Order of this Court that plaintiff's motion to compel **(Docket # 44)** is **GRANTED in Part**. It is the further Decision and Order of this Court that plaintiff's motion to compel **(Docket # 46)** and plaintiff's motion to amend the scheduling order **(Docket # 45)** are **DENIED**.

**IT IS SO ORDERED.**

                 *s/Marian W. Payson*
                 MARIAN W. PAYSON
                 United States Magistrate Judge

Dated: Rochester, New York
    February   29  , 2008