UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CLARENCE EDWARDS,

                                        Plaintiff,

                                                                                                      DECISION AND ORDER

                                                                                                      04-CV-6051L

                         v.

U.S. DEPARTMENT OF AGRICULTURE, et al.,

                                       Defendants.
_____

Plaintiff, William Clarence Edwards ("Edwards"), proceeding *pro se,* commenced this action against the United States Department of Agriculture ("USDA") and a number of USDA employees, alleging claims under the United States Constitution, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and other statutes. Plaintiff alleges that USDA wrongfully denied him certain benefits in 2003.

Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed papers in opposition to the motion (Dkt. #54). For the reasons that follow, USDA's motion is granted and the complaint is dismissed.

**BACKGROUND**

In 1996, plaintiff enrolled in a USDA program which would provide him with certain benefits with respect to particular tracts of farmland in Steuben County, New York. In September 2001, however, the Steuben County Committee ("Committee") for the USDA's Farm Services Agency determined that plaintiff had sold some of that land after 1996, which meant that he was no longer entitled to benefits for that land. The Committee ordered plaintiff to reimburse USDA for the benefits that he had received for that land after he sold it, plus interest.

Plaintiff administratively appealed that decision. A hearing was held on August 27, 2003, at which plaintiff testified and was allowed to present evidence. The decision denying benefits was affirmed by the hearing officer on September 24, 2003 (Dkt. #52-4), and by the USDA Director on December 17, 2003 (Dkt. #52-5).

Plaintiff then filed the complaint in this action. He alleges a number of improprieties in the administrative proceedings below, including denying plaintiff's requests for certain documents, failure to follow applicable regulations, perjury, and "collusion." Although the relief sought is not entirely clear, at bottom it appears that plaintiff seeks some review or redetermination of the administrative decisions to deny his benefits.

**DISCUSSION**

The amended complaint appears to assert a number of claims under FOIA. In that regard, I note that Magistrate Judge Marian W. Payson of this Court has previously found that plaintiff has already been provided with over 2300 pages of documents in this action, and that he is not

entitled to further production of documents. *See* Dkt. #33 at 3-5. I have also reviewed both sides' submissions in this regard and conclude that USDS properly withheld certain limited information from plaintiff under the FOIA exemptions set forth at 5 U.S.C. § 552(b)(6).

Plaintiff also alleges an array of tortious and criminal acts by defendants, including defamation, fraud, forgery, perjury, and unlawful "collusion." The acts giving rise to those claims all appear to have occurred in the course of the individual defendants' performance of their duties as USDA employees.

To the extent that plaintiff may bring such claims at all, he may do so only against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Some of the torts alleged by plaintiff, such as defamation and misrepresentation, are expressly excluded from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h). To the extent that they are not excluded, however, plaintiff's tort claims are barred because plaintiff has not filed an administrative claim with USDA, which is a jurisdictional prerequisite to suit under the FTCA. *O'Rourke v. Smithsonian Institution Press*, 399 F.3d 113, 122 (2d Cir.), *cert. denied*, 546 U.S. 814 (2005).

Plaintiff also alleges, rather vaguely, that defendants failed to comply with their own rules in handling his case. It appears from the record, however, that plaintiff is referring to certain USDA manuals, which do not have the force of law. *See* Amended Complaint at 3-4. Plaintiff has failed to show that these rules were not followed, but even if he had done so, that would not give rise to any cognizable claim. *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (Social Security Act claims manual is handbook for internal use, and agents' failure to follow procedure

prescribed by manual does not provide basis for estoppel against government); *Western Radio Services Co. v. Espy*, 79 F.3d 896, 901 (9th Cir.) (Forest Service Manual and Handbook did not have legal effect and force to bind federal government), *cert. denied*, 519 U.S. 822 (1996).

Plaintiff's complaint can also be read as asserting claims under the Privacy Act, 5 U.S.C. § 552a. To make out such a claim, a plaintiff must plead, *inter alia*, a willful or intentional disclosure of information by the agency, that adversely affected the plaintiff. *Lane v. Department of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008); *Pierce v. Department of U.S.A.F.*, 512 F.3d 184, 186 (5th Cir. 2007). Even given a generous reading, the complaint here fails to plead those elements of a claim under the Privacy Act.

As stated, the core of plaintiff's claim is that defendants wrongfully denied him benefits and required him to refund benefits that he had improperly received. As such, his claim is essentially a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. Review of agency decisions under the APA is significantly circumscribed, however. An agency's decision may be reversed only

> if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency's factual findings must be supported by "substantial evidence," *i.e.*, "less than a preponderance, but more than a scintilla." *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 493-94 (2d Cir. 1999). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The reviewing court must take into account contradictory evidence in the record, but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Fund for Animals v. Kempthorne*, 538 F.3d 124, 131-32 (2d Cir. 2008) (additional quotation marks and citations omitted). The test, then, is not what this Court would have done had it been

deciding the matter in the first instance, but rather whether the agency's factual findings are supported by substantial evidence and whether its decision was arbitrary or capricious.

Plaintiff has not met the standards for relief under the APA here. Plaintiff availed himself of the procedures for appealing adverse decisions and there was a hearing at which the issues were fully explored. After reviewing the papers and the administrative record in this case, I find that plaintiff has failed to demonstrate that the final decision of the agency was arbitrary or capricious. USDA determined that plaintiff did not meet the requirements for benefits, and that finding was supported by substantial evidence in the record.

Finally, plaintiff's complaint could be interpreted as asserting constitutional claims against the individual defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Such a claim is also not cognizable here. As explained by the Court of Appeals for the Eighth Circuit,

> [t]here is a presumption against judicial recognition of direct actions for violations of the Constitution by federal officials or employees, and if Congress has not explicitly created such a right of action, and if it has created other remedies to vindicate (though less completely) the particular rights being asserted in a given case, the chances are that the courts will leave the parties to the remedies Congress has expressly created for them. When Congress has created a comprehensive regulatory regime, the existence of a right to judicial review under the APA is sufficient to preclude a *Bivens* action. Parties may not avoid administrative review simply by fashioning their attack on an agency decision as a constitutional tort claim against individual agency officers.

*Nebraska Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005) (citations and quotation marks omitted); *see also Ibrahim v. Department of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("no *Bivens-like* cause of action is available against federal agencies or federal agents

sued in their official capacities"). As stated above, plaintiff's claims, are, in essence, claims for review of agency action under the APA. As such, they may not be recast into *Bivens* claims.

## CONCLUSION

The Government's motion for summary judgment (Dkt. #52) is granted on all claims and the complaint is dismissed.

Plaintiff's motion for reconsideration (Dkt. #57) of the Decision and Order issued by Magistrate Judge Marian W. Payson on February 29, 2008 (Dkt. #55) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 4, 2008.